BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN -9 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

1/9/79

IN RE GAS METER ANTITRUST   )   DOCKET NO. 360
LITIGATION                  )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of four actions pending in two districts -- three in the Eastern District of Pennsylvania and one in the Northern District of Illinois. Plaintiffs in these actions are public utilities which purchase gas meters for use in measuring the flow of gas being transmitted through distribution systems. All the defendants are manufacturers of gas meters. Rockwell International Corp. (Rockwell) and The Singer Company (Singer) are defendants in all four actions. Textron, Inc. (Textron) is a defendant in the Illinois action and Sprague Meter Company (Sprague), a division of Textron, is a defendant in two of the Pennsylvania actions. Plaintiffs charge defendants and various unidentified co-conspirators with conspiring in violation of Section 1 of the Sherman Act, 15 U.S.C. §1, to fix, raise, maintain and stabilize the price of gas meters.

---

\* Judge Weinfeld did not participate in the decision of this matter.

The Honorable Charles R. Weiner, to whom the three Pennsylvania actions are assigned, has consolidated those actions for all pretrial purposes and has certified a class for all three actions comprised of all purchasers in the United States of gas meters from defendants, their affiliates or subsidiaries during the period from January 1, 1973 to December 31, 1977, excluding from the class defendants, affiliates or subsidiaries of defendants, or other gas meter manufacturers. The Illinois action is brought by two utilities located in Illinois and contains no class action allegations.

A federal grand jury in the Eastern District of Pennsylvania recently returned an indictment against Rockwell and Textron charging a conspiracy to fix prices of gas meters in violation of Section 1 of the Sherman Act. Singer was named as an unindicted co-conspirator in this indictment. A companion civil action has been brought by the United States in the Eastern District of Pennsylvania against Rockwell, Textron and Singer.

Singer and Sprague move the Panel, pursuant to 28 U.S.C. §1407, to transfer the Illinois action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions pending there. Rockwell and plaintiffs in the three Pennsylvania actions also favor transfer. Plaintiffs in the Illinois action oppose transfer.

We find that these actions involve common questions of fact and that transfer of the Illinois action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the three actions pending there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Illinois plaintiffs argue in opposition to transfer that additional actions may yet be filed in this litigation and that a determination on the appropriateness of transfer should await a more complete record. If the Panel does not defer its decision, Illinois plaintiffs contend that transfer should be denied because the issues of fact shared by these four actions are not unusually complex and the accompanying discovery will not be sufficiently time consuming to warrant transfer. At the present time, cooperation among the parties and the two involved courts would serve as a suitable alternative to transfer, Illinois plaintiffs urge. Furthermore, Illinois plaintiffs assert, because the Illinois action involves no class action allegations, the discovery necessary to establish the claims in the Illinois action will be much more limited in scope than the discovery necessary in the Pennsylvania actions, and transfer would needlessly involve the Illinois plaintiffs in proceedings irrelevant to their action.

We find these arguments unpersuasive. All parties recognize that the four actions presently before the Panel involve common factual questions concerning the alleged existence of a conspiracy to fix prices in the gas meter industry. Discovery regarding those questions, including discovery pertaining to the nature of the gas meter industry and the structure of the market for gas meters, will be complex and time consuming. Inclusion of the Illinois action in coordinated or consolidated pretrial proceedings with the three Pennsylvania actions is thus necessary to prevent duplicative discovery and to eliminate the possibility of inconsistent pretrial rulings. See In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation, 424 F. Supp. 504, 505-06 (J.P.M.L. 1976).

While voluntary coordination of discovery efforts among parties and their counsel is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F. Supp. 223, 229 (J.P.M.L. 1978). Of course, the Illinois plaintiffs need not participate in any pretrial proceedings that are unrelated to the interests of those parties. See, e.g., Parts I and II, §§2.31, Manual for Complex Litigation (rev. ed. 1977).

We see no reason to delay transfer in this litigation because of the possibility that additional actions may be filed in the future. If further actions are filed, they will be treated as tag-along actions by the Panel. See Rules 1, 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-69 (1978). Transfer under Section 1407 at this time will have the salutary effect of providing a ready forum for the inclusion of any newly filed actions in the centralized pretrial proceedings. See In re Air Crash Disaster at Stapleton International Airport in Denver, Colorado on August 7, 1975, 447 F.Supp. 1071, 1072 (J.P.M.L. 1978).

We are persuaded that the Eastern District of Pennsylvania is the appropriate transferee forum for this litigation. Plaintiffs in the Pennsylvania actions represent that they have already obtained access to many of the documents which were produced to the Philadelphia grand jury investigating the gas meter industry. Illinois plaintiffs stated during oral argument before the Panel that they will also seek access to these documents. Transfer of this litigation to the Eastern District of Pennsylvania will best facilitate orderly access to the documents and any necessary coordination between the private actions and the Government proceedings occurring there. See In re Fine Paper Antitrust Litigation, 446

F. Supp. 759, 761 (J.P.M.L. 1978); In re Corrugated Container Antitrust Litigation, 441 F. Supp. 921, 924 (J.P.M.L. 1977). Furthermore, Judge Weiner, through his supervision of the Pennsylvania actions, has already become familiar with the issues involved in this litigation and is therefore in the best position to supervise it to a just and expeditious conclusion. See In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the following Schedule A and pending in the Northern District of Illinois be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

MDL-360                                                      SCHEDULE A

### EASTERN DISTRICT OF PENNSYLVANIA

Philadelphia Electric Co. v. Rockwell                CIVIL ACTION
International Corp., et al.                          NO. 78-488

Philadelphia Gas Works v. Rockwell                   CIVIL ACTION
International Corp., et al.                          NO. 78-631

Pennsylvania Gas and Water Co. v.                    CIVIL ACTION
Rockwell International Corp., et al.                 NO. 78-2094

### NORTHERN DISTRICT OF ILLINOIS

The Peoples Gas Light and Coke Co., et al.           CIVIL ACTION
v. Rockwell International Corp., et al.              NO. 78C-3229